IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL DE JESUS AQUINO
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

S&H 1, INC.
d/b/a PIZZA BOLI'S
4903 Wisconsin Avenue NW
Washington, DC 20016

GHULAM HASSAM
10320 Greenside Drive
Cockeysville, MD 21030

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at Defendants' Pizza restaurant, Defendants paid him a sub-minimum wage. In addition, Defendants did not pay Plaintiff overtime wages for his overtime hours.

2. Plaintiff brings this action against S&H 1, Inc. and Ghulam Hassam ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Manuel de Jesus Aquino is an adult resident of the District of Columbia.

6. Defendant S&H 1, Inc. is a District of Columbia corporation. It does business as Pizza Boli's. Its principal place of business is located at 4903 Wisconsin Avenue NW, Washington, DC 20016. Its registered agent for service of process is Registered Agents, Inc., 1717 N Street NW, Suite 1, Washington, DC 20036.

7. Defendant Ghulam Hassam is an adult resident of Maryland. He resides at 10320 Greenside Drive, Cockeysville, MD 21030. He is an owner and officer of Defendant S&H 1, Inc. He exercises control over the operations of S&H 1, Inc. — including its pay practices.

**Factual Allegations**

8. Defendants own and operate the restaurant Pizza Boli's, located at 4903 Wisconsin Avenue NW, Washington, DC 20016.

9. Plaintiff worked at Pizza Boli's from approximately June 1, 2016 through approximately June 26, 2022 — with a leave of absence from approximately March 16, 2020 through approximately June 28, 2020.

10. At all relevant times, Plaintiff worked in the District of Columbia. Specifically, he worked at 4903 Wisconsin Avenue NW, Washington, DC 20016.

11. Plaintiff worked at Pizza Boli's as a cook.

12. Plaintiff's job duties at Pizza Boli's primarily consisted of preparing and cooking food, washing dishes, doing inventory, cleaning appliances and light fixtures, chopping vegetables, and cleaning his workstation at the end of each shift.

13. Plaintiff typically and customarily worked six days a week.

14. Plaintiff typically and customarily worked between approximately fifty-two and sixty-six hours per week.

15. From approximately July 1, 2019 through approximately November 21, 2021 Plaintiff worked approximately sixty-six hours per week.

16. From approximately November 22, 2021 through approximately June 12, 2022 Plaintiff worked approximately fifty-eight hours per week.

17. At all relevant times, Defendants paid Plaintiff by the hour.

18. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Jul. 01, 2019–Mar. 15, 2020 | $13.25 |
| Jun. 29, 2020–Jan. 02, 2022 | $15.00 |
| Jan. 03, 2022–Jun. 26, 2022 | $15.20 |

19. The District of Columbia required employers to pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

20. From July 1, 2019 through June 30, 2020, and from July 1, 2021 through January 3, 2022, Defendants paid Plaintiff hourly rates below the D.C. minimum wage.

21. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

22.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

23.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24.     For example, during the workweek of July 17–24, 2020, Plaintiff worked sixty hours. As shown by the paystub below, Defendants paid Plaintiff the same regular hourly rate of $15.00 across all sixty hours:

```
S AND H 1 INC    02-16  WASHINGTON, DC 20016 * 202-244-2800
CHECK NO.   SOCIAL SECURITY NO.   EMPLOYEE NAME            NUMBER              STATUS  DEPT/CLASS   DATE
                                                                               F S 01
50962                             MANUEL DE JESUS AQUINO   Hourly              S 01                 07/24/2020

              EARNINGS                              TAXES                      MISCELLANEOUS DEDUCTIONS
TYPE    $/hr    hrs   CURRENT    YTD      TYPE    CURRENT    YTD      TYPE      CURRENT     YTD
Regular 15.00  60.00   900 00   900 00    MCWH     13 05    13 05
Total Wages            900 00   900 00    SSWH     55 80    55 80
                                          FITW     63 02    63 02
                                          SITW     36 73    36 73

TOTALS                 900 00   900 00             168 60   168 60              0 00        0 00
NETPAY                 731 40   731 40
```

25.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $27,169.10 in minimum and overtime wages (excluding liquidated damages).

26.     Defendant Ghulam Hassam hired and fired employees on behalf of S&H 1, Inc.

27.     Defendant Ghulam Hassam hired Plaintiff.

28.     Defendant Ghulam Hassam set Plaintiff's work schedule.

29.     Defendant Ghulam Hassam set Plaintiff's rate and manner of pay.

30.     Defendant Ghulam Hassam supervised and controlled Plaintiff's work.

4

31.     Defendant Ghulam Hassam had the authority to sign checks on behalf of S&H 1, Inc.

32.     Defendant Ghulam Hassam signed Plaintiff's paychecks.

33.     Defendant Ghulam Hassam was personally aware Plaintiff was not being paid minimum or overtime wages.

34.     At all relevant times, each Defendant had the power to hire and fire Plaintiff.

35.     At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

36.     At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

37.     At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

38.     At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

39.     At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

40.     At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

41.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42.     At all relevant times, Defendants had two or more employees.

43.     At all relevant times, Defendants had employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

44. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

48. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the FLSA were willful.

50. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

53. The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

54. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

55. Defendants violated the DCMWA by knowingly failing to pay the required D.C. minimum wage to Plaintiff.

56. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

57. Defendants' violations of the DCMWA were willful.

58. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

59. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

61. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

62. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

64. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

65. Defendants' violations of the DCWPCL were willful.

66. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$113,312.80**, and grant the following relief:

    a. Award Plaintiff $108,676.40, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,234.40);

d.    Award Plaintiff court costs (currently, $402.00); and

e.    Award any additional relief the Court deems just.

July 11, 2022                                        Respectfully submitted,

                                                                   **DCWAGELAW**

                                                                   By: /s/ Justin Zelikovitz
                                                                   JUSTIN ZELIKOVITZ, #986001
                                                                   519 H Street NW
                                                                   Washington, DC 20001
                                                                   Phone: (202) 803-6083
                                                                   Fax: (202) 683-6102
                                                                   justin@dcwagelaw.com

                                                                   *Counsel for Plaintiff*